UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                          Case No. 8:01-CR-302-T-27TBM

ALBERTO DARIO RODRIGUEZ

_____/

ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge ("R&R") (Dkt. 27) recommending that Defendant's Motion to Dismiss Indictment on Constitutional Speedy Trial Grounds (Dkt. 17) be denied. Defendant has filed objections to the R&R (Dkt. 30) and the Government has responded (Dkt. 31). This Court has conducted a *de novo* review, including a review of the transcript of the evidentiary hearing conducted by the Magistrate Judge.

On consideration, the Report and Recommendation of the Magistrate Judge is adopted and approved in all respects. When Defendant was indicted, he was an absconder from his state probation and his whereabouts were unknown. While the Government could have done more to locate him, his conduct unquestionably contributed to the delay in his apprehension. The reasons for the delay do not weigh heavily in Defendant's favor. He has not demonstrated actual prejudice from the delay and accordingly, has not been denied his constitutional right to a speedy trial.

The Magistrate Judge applied the appropriate four factor test in determining whether Defendant was deprived of his right to a speedy trial under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514 (1972); *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003).

The Magistrate Judge correctly determined that the "four year plus delay" between indictment and trial is presumptively prejudicial and that Defendant had "timely raised his claim of the denial of his constitutional right to a speedy trial." *Barker v. Wingo*, 407 U.S. at 530-32; *United States v. Dunn*, 345 F.3d at 1296.

In addressing the reasons for the delay, the Magistrate Judge found that "the Defendant's conduct significantly contributed to the delay in locating him." After finding that the three *Barker* factors did not weigh "heavily" in favor of Defendant, the Magistrate Judge concluded that Defendant had demonstrated no actual prejudice from the delay and correctly determined that Defendant's Motion to Dismiss the Indictment should be denied.

With respect to the reasons for the delay, this Court agrees with the Magistrate Judge that although the Government agent could have done more to locate Defendant after he was indicted, "Defendant's conduct significantly contributed to the delay in locating him." When Defendant was indicted, his whereabouts were unknown. According to the agent, and as the Indictment alleges, Defendant was removed from the United States just nine months before his state probation officer notified the agent that Defendant was back in custody in the United States. Before the federal government was notified, however, Defendant was released from custody through no fault of the United States. (Tr. 13). Thereafter, the agent and Defendant's state probation officer were unsuccessful in locating Defendant.(Tr. 16-17). After his release from custody, he effectively remained a fugitive until his arrest in April 2006. During the post-indictment delay, Defendant was wanted on state and federal warrants. As the Magistrate Judge found, "at a minimum, the Defendant was duty bound to maintain contact with his state probation officer but failed to do so."

Although the agent's most recent query of databases revealed that Defendant had been at his

New York address in March 2002, after Defendant absconded, he changed addresses several times, living in Florida, Texas and New York. Further, since 1996, Defendant or someone using his name had appropriated another individual's social security number and Defendant had changed addresses frequently. When he was finally arrested, he gave that same social security number to the arresting authorities. (Tr. 40). Defendant's conduct therefore cannot be considered innocent conduct. Clearly, the delay Defendant complains of is not entirely the fault of the Government. This Court "need not ignore a defendant's fugitivity in considering whether there has been a violation of his Sixth Amendment right to a speedy trial." *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006)(*quoting Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir. 1988)). The evidence established that Defendant had "maintained his existence illegally employing a social security number belonging to an innocent third party." Given Defendant's conduct, and that Defendant offered no evidence of actual prejudice, there was no constitutional speedy trial deprivation.

The evidence supports the Magistrate Judge's finding that Defendant knowingly avoided state and "likely" federal prosecution. While there is no evidence that Defendant was actually aware that he had been indicted, he remains culpable for the delay, based on his fugitive status. He knew or should have known that he would be subject to arrest and probable federal prosecution for returning to the United States after having been removed, which explains why he effectively concealed his whereabouts. Simply put, there are no innocent reasons for his conduct, unlike the defendant in *United States v. Ingram,* supra. The Magistrate Judge correctly found that the *Barker* factors do not weigh heavily in Defendant's favor and that Defendant was therefore required to demonstrate actual prejudice from the delay, which he did not do. Upon consideration, therefore, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Indictment on

Constitutional Speedy Trial Grounds (Dkt. 17) is DENIED.

**DONE AND ORDERED** in chambers this 13th day of September, 2006.

*[signature]*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record